IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2012 JUL -6 PM 3:57
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| RICHARD MACK, § | |
|    PLAINTIFF, § | |
| § | |
| V. § | CAUSE NO. A-12-CV-016-LY |
| § | |
| LEAH NELSON, LARRY KELLER, § | |
| MARK POTOK, HEIDI BEIRICH, § | |
| ROBERT STEINBACK, AND § | |
| SOUTHERN POVERTY LAW CENTER, § | |
|    DEFENDANTS. § | |

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Before the court in the above styled and numbered cause of action are Defendant Southern Poverty Law Center's Amended Motion for Summary Judgment and for Judgment on the Pleadings (Clerk's Doc. No. 29) and Appendix in Support (Clerk's Doc. No. 30), filed May 21, 2012, and Plaintiff's Response to Defendant Southern Poverty Law Center's First Amended Motion for Summary Judgment and Judgment on the Pleadings, filed July 5, 2012 (Clerk's Doc. No. 41). Because the pleadings have not yet closed in this case,[1] the court treats Defendant's motion as a motion for summary judgment. *See* FED. R. CIV. P. 12(c). Having considered the motion, the summary-judgment proof, the case file, and the applicable law, the court will grant summary judgment for Defendant.

### I. Background

Plaintiff Richard Mack filed this suit in state court on December 16, 2011, asserting claims for defamation, libel per se, defamation per se, and intentional infliction of emotional distress.

---

[1] This court has not yet rendered a scheduling order establishing deadlines for the filing of amended pleadings in this cause.

Mack's first amended complaint alleges that his photograph and name appeared in connection with an article entitled "Willing to Kill," which was published by Southern Poverty Law Center in the Winter 2010 issue of a magazine entitled *the Intelligence Report*, and that he was misquoted as "pray[ing] for the day" that a sheriff would "take out some IRS agents." Mack alleges that Southern Poverty Law Center published the same article on its website in the online version of the magazine on November 22, 2010. Mack seeks compensatory, injunctive, and exemplary relief for Southern Poverty Law Center's conduct. Southern Poverty Law Center moves for summary judgment, arguing that Mack's claims are either time-barred or not permitted by Texas law.

## II. Legal Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Ragas v. Tenn. Gas Pipeline Co.*, 136 F. 3d 455, 458 (5th Cir. 1998). If the moving party carries its burden of showing that there is no genuine dispute as to any material fact, the burden shifts to the nonmovant to introduce specific facts or produce evidence that shows the existence of a genuine dispute regarding a material fact that prevents the grant of summary judgment in the movant's favor. FED. R. CIV. P. 56(e); *see also Celotex*, 477 U.S. at 322–23. A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### III. Analysis

A.   *Defamation and Libel*

Where jurisdiction is based on diversity, this court applies the substantive law of the forum state, here Texas. *Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Under Texas law, the statute of limitations for a claim of defamation or libel is one year. TEX. CIV. PRAC. & REM. CODE § 16.002(a) ("A person must bring suit for . . . libel [or] slander . . . not later than one year after the day the cause of action accrues."). A libel or slander claim accrues on the date of the communication or publication. *Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 131 (Tex. App.—Houston [14th Dist.] 1994, no writ).

Texas has adopted the "single publication rule" in cases alleging libel through the mass media. *See Stephenson v. Triangle Publ'ns, Inc.*, 104 F. Supp. 215, 218 (S.D. Tex.1952); *Holloway v. Butler*, 662 S.W.2d 688, 690 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). "Under this rule, . . . [p]ublication is complete on 'the last day of the mass distribution of copies of the printed matter' because that is the day when the publishers, editors, and authors have done all they can to relinquish all right of control, title, and interest in the printed matter. *Williamson v. New Times, Inc.*, 980 S.W.2d 706, 710 (Tex. App.—Fort Worth 1998, no pet.) (citing *Holloway*, 662 S.W.2d at 692).

The uncontroverted summary-judgment evidence, which includes a United States Postal Service Postal Statement for Nonprofit Standard Mail, shows that the Winter 2010 issue of the *Intelligence Report* was distributed nationwide to hundreds of thousands of subscribers on November 20, 2010. The court concludes that based on this evidence the publication at issue in this suit constitutes mass media subject to the "single publication rule" and that the date of last publication

was November 10, 2010. Therefore, Mack's defamation and libel claims based on the print version of the "Willing to Kill" article accrued on November 10, 2010, for purposes of triggering the one-year statute of limitations. Because Mack filed this suit on December 16, 2011, these claims are time-barred.

Southern Poverty Law Center also argues that Mack's claims based on the Internet publication of the online version of the article are time-barred. It is uncontested that Southern Poverty Law Center published the online version on November 22, 2010. The Texas Supreme Court has not yet considered whether the single publication rule should apply to Internet publications. *See Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 143 (5th Cir. 2007). However, federal courts applying Texas's single publication rule have held that the rule applies to Internet as well as print publications. *See id.* at 146 ("[W]e hold that the Texas Supreme Court would likely adopt the single publication rule for Internet publications."); *see also Shanklin v. Fernald*, 539 F. Supp. 2d 878, 883 (W.D. Tex. 2008). These courts agree that the date of publication for Internet publications is "the date an article is first posted and made available to the public on the internet." *Shanklin*, 539 F. Supp. 2d at 883.

While acknowledging that the Fifth Circuit and this court have previously applied the single-publication rule to Internet publications, Mack urges the court to reject this rule in favor of a rule using the date a defamatory publication is removed from the Internet as the date triggering the statute of limitations. Mack argues that both *Nationwide* and *Shanklin* are distinguishable from this case because they were cases involving defamatory statements published by newspapers, whereas the article in this case was published in a quarterly periodical with a "smaller, more targeted audience." Mack argues that this case is more akin to the facts in an unpublished opinion by the Tennessee

Court of Appeals, in which that court applied a continuous publication rule to a defamation claim based on an online publication. *See Swafford v. Memphis Individual Practice Ass'n*, No. 02A01-9612-CV-00311, 1998 WL 281935 (Tenn. Ct. App. June 2, 1998) (rejecting single-publication rule where defamatory information contained in electronic database on quality of care of physicians was only accessible by authorized users, which mitigated risk of numerous suits from publication of "large-scale communication"). Mack argues that "the limited number of leftwing political supporters who share Defendant's prejudices and jaundiced views of who is or is not a member of the radical right" makes this case more analogous to the restricted-access online database in *Swafford*.

This court does not look to intermediate state appellate courts from other jurisdictions in analyzing Texas law, particularly their unpublished opinions. Moreover, as acknowledged by Mack, the Fifth Circuit and this court have already held that the Texas Supreme Court would apply the single-publication rule to Internet publications. The court is unpersuaded that there is any meaningful difference between an online publication of a print magazine, which according to the record in this cause has over 300,000 subscribers, and a newspaper.

In summary, this court holds that the single-publication rule applies to the online publication of the defamatory article in this suit. Because the article was published on the Internet on November 22, 2010, more than one year before Mack filed this suit, Mack's defamation and libel claims based on the online publication are also time-barred.

B.   *Intentional Infliction of Emotional Distress*

Mack's amended complaint alleges that Southern Poverty Law Center intentionally caused him emotional distress by disseminating false statements about him around the nation and world. Southern Poverty Law Center argues that Mack is barred from recovering for the separate tort of

intentional infliction of emotional distress where the conduct supporting the claim is identical to that of a different tort, here defamation.

The Texas Supreme Court has recognized that the tort of intentional infliction of emotional distress is a "'gap-filler' tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004); *see also Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 68 (Tex. 1998) (noting that the tort's "clear purpose" was "to supplement existing forms of recovery by providing a cause of action for egregious conduct" that might otherwise go unremedied). "Thus, if the gravamen of a plaintiff's complaint is another tort, a claim for intentional infliction of emotional distress claim will not lie regardless of whether the plaintiff succeeds on, or even makes the alternate claim." *Draker v. Schreiber*, 271 S.W.3d 318, 322 (Tex. App.—San Antonio 2008, no pet.).

Accordingly, to maintain a claim for intentional infliction of emotional distress, Mack must allege facts independent of his defamation and libel claims. *See id.* at 323. He has not done so. Mack asserts his claim of intentional infliction of emotional distress "in the alternative to all other counts," alleging that he "has suffered intense headaches, sleeplessness, skin rashes, and backaches" as a result of Southern Poverty Law Center's worldwide and nationwide dissemination of false statements about him. Mack further argues that wrongly accusing someone of an act of terrorism, advocating the murder of federal officials, is "extreme and outrageous" conduct. The court agrees with Southern Poverty Law Center that this complained-of conduct sounds in defamation. Because there is a recognized tort action to remedy his alleged injury, Mack may not recover under the

separate tort of intentional infliction of emotional distress. *See Hoffman-La Roche Inc.*, 144 S.W.3d at 447; *Standard Fruit & Vegetable Co.*, 985 S.W.2d at 68. The fact that Mack's defamation and libel claims are time-barred does not alter this result. *See Draker*, 271 S.W.3d at 322.

### IV. Conclusion

Having considered Southern Poverty Law Center's motion for summary judgment, the summary-judgment proof, and the case file in this cause, the court concludes that Mack's defamation and libel claims are time-barred. The court further finds that Texas law bars his claim for intentional infliction of emotional distress because his complaint does not allege any facts independent of his defamation and libel claims. Without a valid underlying cause of action, Mack cannot obtain any of the relief he seeks. *See Dresser-Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 837 (5th Cir. 2004). Therefore, the court concludes that Mack's separately pleaded claim for injunctive relief also fails as a matter of law. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Southern Poverty Law Center's Amended Motion for Summary Judgment (Clerk's Doc. No. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action is **DISMISSED WITH PREJUDICE.**

**IT IS FINALLY ORDERED** that Defendant Southern Poverty Law Center shall be awarded all costs of court.

SIGNED this _____ day of July, 2012.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE